Hon. Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TOM MONTGOMERY, as Personal Representative of the Estate of MICHAEL TRAVIS CLINARD, deceased; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY, a political subdivision of the State of Washington; *et al.*, <br><br> Defendants. | NO.   2:20-cv-00855-RAJ <br><br> **MOTION TO EXTEND TIME TO IDENTIFY FICTITIOUSLY NAMED DEFENDANTS** <br><br> NOTE ON MOTION CALENDAR: November 6, 2020 (L.R. 7(d)(2)(a)) |

## INTRODUCTION

Pursuant to LCR 7(j) and LCR 16(b)(6), with good cause shown, Plaintiffs respectfully request that the Court extend time for Plaintiffs to identify fictitiously named defendants.

## FACTS

This matter was originally filed on June 4, 2020.[1]  The Complaint named two "Doe" defendants.[2]  Plaintiffs filed a First Amended Complaint on July 14, 2020.[3]  In their First Amended Complaint, Plaintiffs identified one "Doe" defendant, yet were still unable to identify the "Doe" defendant with the first name "Rebecca," who remains unidentified.[4]

---

[1] Dkt. # 1.
[2] *Id.*
[3] Dkt. # 7.
[4] *Id.*

MOTION TO EXTEND TIME TO IDENTIFY FICTITIOUSLY
NAMED DEFENDANTS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

On August 25, 2020, Plaintiffs served their First Interrogatories and Requests for Production to Defendant Snohomish County, inquiring in relevant part:

> Was the individual identified as "Rebecca" in Paragraphs 5, 42, 43, and 44 of Plaintiffs' First Amended Complaint (Dkt. # 7) an agent, contractor, or employee of Snohomish County? If so, describe the nature of the relationship between Snohomish County and the individual and IDENTIFY the individual's full name and contact information.[5]

On August 28, 2020, the Parties filed a Stipulation Extending Time to Identify Fictitiously Named Defendants by an additional sixty (60) days, which was granted.[6]  In that motion, Defendant Snohomish County represented that it had "been working diligently to obtain the identity of the second 'Doe' defendant."[7]

This was a misrepresentation.  On October 23, 2020, counsel for Plaintiff wrote to counsel for Snohomish County: "Any clue yet as to who Rebecca is?"[8]  To which counsel for Snohomish County responded: "I had assumed that you would be serving discovery to ascertain the person's identity.  To my knowledge we have not received any such discovery to date."[9]  Counsel for Plaintiffs replied by informing counsel for Snohomish County that <u>it had, in fact, been served a discovery request, and that Snohomish County's response was weeks overdue</u>.[10]

Rather than admitting that an oversight had occurred, and simply working with Plaintiffs to identify "Rebecca," Snohomish County dug in on a technicality:

> Neither Lisa Lindquist nor Cindy Ryden were copied pursuant to the terms of the e-service agreement (nor had the e-service agreement been fully executed though I had agreed to its terms as long as Lisa and Cindy were copied).  To my knowledge no hard copy followed.  Service was thus ineffectual.  You'll need to reserve properly.[11]

---

[5] Declaration of Ryan D. Dreveskracht in Support of Motion to Extend Time to Identify Fictitiously Named Defendants ("Dreveskracht Decl."), Exhibit 1, at 5.
[6] Dkt. # 31.
[7] *Id.*, ¶ 5.
[8] Dreveskracht Decl., Exhibit 3.
[9] *Id.*
[10] Dreveskracht Decl., Exhibits 3, 5.
[11] Dreveskracht Decl., Exhibit 6.  For what it's worth, this is also a misrepresentation.  The email exchange Snohomish County refers to here reads: "For service on Snohomish County, please also add Lisa Lindquist, at

MOTION TO EXTEND TIME TO IDENTIFY FICTITIOUSLY
NAMED DEFENDANTS - 2

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

The following exchange then occurred between counsel:

> **Snohomish County**: [T]he prior service was ineffective, so we will consider today to be the date of service of these requests and will respond within thirty days as set fourth [sic] by the FRCPs.

> **Plaintiffs**: Will you have the identity of this person by November 3, or do we need to get another extension?

> **Snohomish County**: As we don't have an obligation to respond to the discovery prior to November 3 it would seem prudent for you to exercise your ability to seek another extension.  However, I'm not currently inclined to stipulate.[12]

## LAW AND ARGUMENT

"[D]istrict courts have broad discretion under General Rule 4(m) to extend time for service even without a showing of good cause."  *United States v. 2,164 Watches, More or Less*, 366 F.3d 767, 772 (9th Cir. 2004).  Here, though, Plaintiffs have good cause.  Plaintiffs have been diligent.  Plaintiffs made numerous informal requests for the identification of this Defendant.[13]  When informal requests proved ineffective, Plaintiffs served discovery intended to identify "Rebecca."[14]  Now, months later, Snohomish County continues to impede the identification of this defendant.[15]

Relying on the fact that staff was inadvertently omitted from an email exchange of discovery requests, counsel for Snohomish County submits that they will finally respond to Plaintiffs' request to identify this Defendant by November 22, 2020, nineteen (19) days past the current deadline.[16]  Defendant Snohomish County's failure to make any efforts to identify its employee—despite representations otherwise, for months, and actual knowledge of Plaintiffs' discovery requests—is an unwarranted waste of the Parties' and the Court's time, efforts, and resources.  *See Gamblin v. Mississippi Farm Bureau Mut. Ins. Co.,* No. 07-0698, 2009 WL 10676958, at *4 (S.D. Miss. Oct.

---

Lisa.lindquist@co.snohomish.wa.us (copied here for convenience).  Once you have done so, we agree to e-service and you may add my e-signature."  Dreveskracht Decl., Exhibit 2.
[12] Dreveskracht Decl., Exhibit 4.
[13] Dreveskracht Decl., Exhibit 7.
[14] Dreveskracht Decl., Exhibit 1, at 5.
[15] Dreveskracht Decl., Exhibits 2, 6.
[16] Dreveskracht Decl., Exhibit 4.

MOTION TO EXTEND TIME TO IDENTIFY FICTITIOUSLY
NAMED DEFENDANTS - 3

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1   7, 2009) ("[I]f counsel admittedly has discovery in hand, [s]he will not be allowed to sit back and

2   depend upon technicalities of the rules on service to justify h[er] inexcusable failure to respond to

3   appropriate discovery."). But it is what it is. For good cause shown, Plaintiffs respectfully request

4   an additional thirty (30) days to obtain discovery responses from Defendant Snohomish County,

5   identify the full name of Snohomish County employee "Rebecca," and file a Third Amended

6   Complaint. *See, e.g., Garraway v. Griffin*, No. 12-924S, 2013 WL 2105903, at *5 (W.D.N.Y. May

7   8, 2013) ("[P]laintiff will be provided the opportunity to learn the identity of those John Doe

8   defendants through discovery and, if identified, move to amend the caption to name those John Doe

9   defendants and have them served.").

10  ### CONCLUSION

11          In light of the above, Plaintiffs respectfully request that the deadline for Plaintiffs to identify

12  any "Doe" or fictitiously named defendant who is not yet identified by an additional thirty (30)

13  days.

14          DATED this 26th day of October, 2020.

15                                                  GALANDA BROADMAN, PLLC

16                                                  By  */s/  Ryan D. Dreveskracht*
                                                    Ryan D. Dreveskracht, WSBA # 42593
17                                                  Attorney for Plaintiff
                                                    P.O. Box 15146
18                                                  Seattle, WA  98115
                                                    Phone: (206) 557-7509
19                                                  Email: ryan@galandabroadman.com

20

21

22

23

24

25

MOTION TO EXTEND TIME TO IDENTIFY FICTITIOUSLY
NAMED DEFENDANTS - 4

**CERTIFICATE OF SERVICE**

I, Wendy Foster, declare as follows:

1.      I am now and at all times herein mentioned a legal and permanent resident of the United States and the State of Washington, over the age of eighteen years, not a party to the above-entitled action, and competent to testify as a witness.

2.      I am employed with the law firm of Galanda Broadman PLLC, 8606 35th Avenue NE, Ste. L1, Seattle, WA 98115.

3.      I served the above on the following, via the Court's ECF filing system:

Daniel L Kinerk
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (4TH AVE)
500 4TH AVE
STE 900
SEATTLE, WA 98104-5039
206-477-9534
Email: dan.kinerk@kingcounty.gov

John Robert Zeldenrust
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (4TH AVE)
500 4TH AVE
STE 900
SEATTLE, WA 98104-5039
206-296-0430
Email: john.zeldenrust@kingcounty.gov

Katherine H Bosch
SNOHOMISH COUNTY PROSECUTING ATTORNEY (CIVIL)
CIVIL DIVISION
3000 ROCKEFELLER AVENUE
M/S 504
EVERETT, WA 98201-4046
425-388-6341
Email: katherine.bosch@co.snohomish.wa.us

The foregoing statement is made under penalty of perjury and under the laws of the State of Washington and is true and correct.

Signed at Seattle, Washington, this 26th day of October, 2020.

s/ Wendy Foster
Wendy Foster

MOTION TO EXTEND TIME TO IDENTIFY FICTITIOUSLY
NAMED DEFENDANTS - 5

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509